IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARDJAN MANDIJA and VIOLET MANDIJA, | ) ) ) |
| Plaintiffs (*Pro Se*) | ) ) ) |
| v. | ) ) |
| CAPANO HOMES, INC., | ) ) |
| Defendant. | ) |

Civ. A. No.: 1:18-cv-00393-GMS

JURY DEMANDED

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' PETITION FOR DEFAULT JUDGMENT

Plaintiffs have filed a Petition for Default Judgment against Defendant Capano Homes, Inc. ("Defendant"). Plaintiffs' request for default judgment rests solely on the Defendant's failure to answer the Complaint within fourteen (14) days after the Court's disposition on the Defendant's Motion to Dismiss as required by Fed. R. Civ. P. 12(a)(4)(A) (or by March 27, 2018).[1] Defendant now moves this Honorable Court to deny Plaintiffs' Petition for Default Judgment because default judgment is not appropriate where, as here, Defendant has appeared and filed its Answer with Affirmative Defenses to Plaintiffs' Complaint.

In support thereof, Defendant, by and through its undersigned counsel, submits the following:

**PROCEDURAL HISTORY**

1. On December 7, 2017, Plaintiffs commenced this civil action by filing a Complaint in the United States District Court for the Eastern District of Michigan. (D.I. 1).

---

[1] The Honorable Terrence G. Berg did not grant Defendant's Motion to Dismiss; rather, pursuant to 28 U.S.C. 1406(a), the Court ordered that this case be transferred from the United States District Court for the Eastern District of Michigan to the United States District Court for the District of Delaware. (D.I. 14). Fed. R. Civ. P. 12(a)(4)(A) is the source of Defendant's technical default.

2. On December 14, 2017, Defendant was served with a copy of the Complaint.

3. On January 3, 2018, Defendant moved to dismiss Plaintiffs' Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).  (D.I. 7).

4. On March 12, 2018, pursuant to 28 U.S.C. 1406(a), the Honorable Terrence G. Berg ordered that this case be transferred from the United States District Court for the Eastern District of Michigan to the United States District Court for the District of Delaware.  (D.I. 14).

5. On March 13, 2018, the record of the case was transferred to the United States District Court for the District of Delaware.  (D.I. 15).

6. On March 29, 2018, Jeffrey M. Weiner, Esquire, personal counsel for the Defendant, filed his appearance on behalf the Defendant.  (D.I. 17).

7. On April 24, 2018, Louis J. Rizzo, Esquire, defense counsel retained by the Defendant's insurer, Nationwide Insurance Company, filed his appearance on behalf of the Defendant.  (D.I. 18).

8. On May 3, 2018, Plaintiffs moved for default.  (D.I. 19).

9. On May 4, 2018, Defendant filed its Answer with Affirmative Defenses.  (D.I. 20).

**STANDARD OF REVIEW**

Motions for default judgment are governed by Federal Rule of Civil Procedure 55.  *See* Fed. R. Civ. P. 55.  Entry of default judgment is within the court's discretion.  *See* Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).  Because a motion for default judgment is addressed to the court's discretion, the movant is not entitled to default judgment as of a right, even "when the defendant is technically in default."  Id.

Generally speaking, default is an extreme remedy reserved for those occasions where there has been a willful or conscious disregard of the rules of the court.  Indeed, courts disfavor

such motions, preferring to decide cases on the merits.  *See* <u>U.S. v. $55,581.85 in U.S. Currency</u>, 728 F.2d 192, 195 (3d Cir. 1984).

**<u>ARGUMENT</u>**

Defendant concedes that while it did not appear or answer Plaintiffs' Complaint within fourteen (14) days after the Court's disposition on the Defendant's Motion to Dismiss as required by Fed. R. Civ. P. 12(a)(4)(A) (or by March 27, 2018), Defendant has acted with reasonable diligence to defend this action.  To that end, Defendant offers two grounds as cause for not entering default judgment.

<u>Firstly</u>, the gravamen of Plaintiffs' Complaint is an alleged construction defect claim ***<u>which dates back to 1999</u>***.  Since the transfer of this action to the United States District Court for the District of Delaware, Defendant has turned the action over to its insurance carrier, Nationwide Insurance Company.  On or about March 29, 2018, Defendant's personal counsel, Jeffrey M. Weiner, Esquire, entered his appearance in defense of this action.  On or about April 24, 2018, Nationwide Insurance Company accepted the Defendant's insurance claim and assigned Delaware defense counsel, Louis J. Rizzo, Esquire, who promptly entered his appearance in this action.  (D.I. 18).

<u>Second</u>, in the interim between the transfer of this action to the United States District Court for the District of Delaware on March 13, 2018 and up to the present, Defendant has also been working diligently to locate and identify materials related to the construction project ***<u>which dates back to 1999</u>***.  In so doing, Defendant sought to retrieve certain materials from archives including the construction project documents and scope of work, the subcontractor agreements, certificates of insurance, purchase orders, construction plans and design specifications, warranties, inspection reports and certificates from local municipal officials.  Obtaining these records is necessary to identify Defendant's affirmative defenses, address insurance coverage

issues and to identify subcontractors and design professionals who may be properly joined in these proceedings. Defendant has now located portions of the files ***which date back to 1999***. Accordingly, on May 4, 2018, Defendant has filed its Answer with Affirmative Defenses to Plaintiff's Complaint. Defendant submits that it is prepared to meritoriously defend this matter.

The Third Circuit requires a district court to consider the following factors in exercising its discretion in granting or denying a motion for default judgment: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and, (3) whether the default was the result of the defendant's culpable conduct. *See* U.S. v. $55,581.85 in U.S. Currency, 728 F.2d at 195 (3d Cir. 1984); *see also* Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

It clear that Plaintiffs' request for default judgment rests solely Defendant's failure to answer the Complaint within fourteen (14) days of the transfer of this matter to the United States District Court for the District of Delaware. As set forth in its Answer with Affirmative Defenses, Defendant intends to defend this case on the merits. (D.I. 20). Thus, Plaintiff can demonstrate no prejudice resulting from Defendant's technical default and indeed, has not event attempted to do so in its Motion for Default. (D.I. 19). "Prejudice" for purposes of Fed. R. Civ. P. 55 requires showing that claim would be materially impaired because of the loss of evidence or other substantial factor. *See e.g.* Metlife Capital Credit Corp. v. Austin Truck Rental of Allentown, Inc., 1992 U.S. Dist. LEXIS 17401, *6-7 (E.D. Pa. Nov. 10, 1992). Here, the prejudice factor weighs against entering a default judgment.

Moreover, Defendant is prepared to move forward with its defense of this action as set forth in its Answer with Affirmative Defenses. (D.I. 20). The requisite "meritorious defense" standard does not require defendants "to prove beyond a shadow of a doubt that [they] will win

4

at trial, but merely to show that [they have] a defense to the action which at least has merit on its face." *See* Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987). Defendant vigorously denies that there were deficiencies in the house which it constructed 19 years ago. As Defendant's Answer with Affirmative Defenses does possess validity, it is sufficient to meet the "meritorious defense" requirement. Id.

Finally, on these facts, Defendant's conduct does not rise to the level of "culpable". Culpable conduct in the Third Circuit is dilatory behavior that is willful or in bad faith. *See* Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 124 (3d Cir. 1983). Such conduct is not inferred from the default itself but must appear independently in the record. *See* Spurio v. Choice Sec. Sys., 880 F. Supp. 402, 405 (E.D. Pa. March 27, 1995). Defendant submits that it has acted with reasonable diligence in defending this action. While Defendant did not appear or answer Plaintiffs' Complaint within fourteen (14) days after the Court's disposition on the Defendant's Motion to Dismiss as required by Fed. R. Civ. P. 12(A)(4)(A) (or by March 27, 2018), Defendant's personal counsel did enter his appearance while Defendant was in the process of submitting the claim to its insurance carrier. The insurance carrier then located and retained Delaware defense counsel. Counsel then answered the Complaint after sufficient project documents were located to allow for an accurate answer to be filed. The resulting technical default cannot be characterized as "culpable" and does not warrant the harsh sanction of a default judgment.

## **CONCLUSION**

For all of the foregoing reasons, Defendant, Capano Homes, Inc., respectfully requests that this Honorable court exercise its discretion and deny Plaintiffs' request for default judgment.

Dated: May 4, 2018            **REGER RIZZO & DARNALL LLP**

*/s/ Louis J. Rizzo, Jr.*
Louis J. Rizzo, Jr., Esquire (#3374)
Brandywine Plaza East
1523 Concord Pike, Suite 200
Wilmington, DE 19803
(302) 477-7100
Fax: (302) 652-3620
Email: LRizzo@regerlaw.com

*Attorneys for Defendant,*
*Capano Homes, Inc*.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARDJAN MANDIJA and VIOLET MANDIJA, | ) ) ) Civ. A. No.: 1:18-cv-00393-GMS |
| Plaintiffs (*Pro Se*) | ) ) JURY DEMANDED |
| v. | ) ) |
| CAPANO HOMES, INC., | ) ) |
| Defendant. | ) |

## **CERTIFICATE OF SERVICE**

I, the undersigned do hereby certify on this 4th day of May, 2018 that a copy of Defendant's Opposition to Plaintiffs' Petition for Default Judgment has been served electronically through PACER upon all counsel of record and upon the Plaintiffs (*Pro Se*) at the following address:

Ardjan Mandija
Violet Mandija
21858 East River Road
Gross Ile, MI 48138

*Plaintiffs (Pro Se)*

Dated: May 4, 2018            */s/ Louis J. Rizzo, Jr., Esquire*
                              Louis J. Rizzo, Jr., Esquire