IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ARDJAN MANDIJA,

    Plaintiff,

v.

    Civ. No. 18-393-RGA

CAPANO HOMES, INC.,

    Defendant.

**MEMORANDUM ORDER**

At Wilmington this 24 day of July, 2018, having considered Plaintiff's petition for entry of default (D.I. 19) and motion to strike answer to complaint (D.I. 23);

IT IS HEREBY ORDERED that: (1) Plaintiff's petition for entry of default (D.I. 19) and motion to strike answer to complaint (D.I. 23) are **DENIED**.

1.    **Introduction.** Plaintiff filed this Complaint on December 7, 2017, in the United States District Court for the Eastern District of Michigan. (D.I. 1) He appears *pro se* and has paid the filing fee.

2.    A summons was issued on December 7, 2017, and Defendant has been served.[1] (D.I. 2, D.I. 26 at 2). On January 3, 2018, Defendant filed a motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction. (D.I. 7). On March 12, 2018, the Michigan District Court signed an Order to transfer the case to this Court rather than dismiss the matter for lack of jurisdiction and denied the motion to dismiss

---

[1] Although the return of service of summons does not appear on the Court docket, Defendant acknowledges through its filings that it was served on December 14, 2017.

1

as moot. (D.I. 14). The next day, the Order was entered on the court docket, and the case was transferred here. (D.I. 15). Defense counsel located in Michigan withdrew and, on March 29, 2018, Delaware counsel for Defendant entered an appearance. (D.I. 6, 10, 17). On April 24, 2018, additional Delaware defense counsel entered his appearance. (D.I. 18).

3. **Request for Entry of Default.** On May 3, 2018, Plaintiff filed a request for default on the grounds that Defendant failed to plead or otherwise sufficiently defend in a timely manner. (D.I. 19). On May 4, 2018, Defendant filed an answer and concurrently filed an opposition to Plaintiff's request for default.[2] (D.I. 20, 22).

4. A party may request that the Clerk of the Court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Under Fed. R. Civ. P. 12(a)(4)(A), Defendant was required to file a responsive pleading within 14 days (*i.e.*, March 27, 2018) after notice of the Michigan District Court's March 12, 2018 ruling. (*See* D.I. 14). Entry of default is within the discretion of the trial court. *See Aron v. Quest Diagnostics, Inc.*, 174 F. App'x 82, 84 (3d Cir. 2006) ("we discern no abuse of discretion in denying entry of default").

5. Defendant acknowledges that it failed to timely file an answer following the Michigan District Court's March Order. It is clear, however, that Defendant has appeared and defended itself since the inception of this case. Therefore, the Court

---

[2] Defendant incorrectly refers to Plaintiff's request as a motion for default judgment. Plaintiff does not seek a default judgment. He requests an entry of default.

2

exercises its discretion and will deny Plaintiff's petition for entry of default. (D.I. 19).

6. **Motion to Strike Answer**. Plaintiff moves to strike Defendant's answer as untimely and filed without leave. (D.I. 23). Pursuant to Fed. R. Civ. P. 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Although courts possess considerable discretion in disposing of a motion to strike under Rule 12(f), 'striking a pleading is a "drastic remedy" to be used sparingly because of the difficulty of deciding a case without a factual record.'" *Karpov v. Karpov*, 307 F.R.D. 345, 349 (D. Del. 2015) (citations omitted). "[A] court will generally not grant [] a motion [to strike] unless the material to be stricken bears 'no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" *Id.* (quoting *Eisai Co., Ltd. v. Teva Pharm. USA, Inc.*, 629 F. Supp. 2d 416, 425 (D.N.J. 2009)).

7. Plaintiff seeks to strike Defendant's answer because it was not timely filed. However, that is not a reason to strike a pleading under Rule 12(f). The challenged answer goes to the heart of the litigation. Plaintiff has failed to show that the answer has no relationship to this litigation or that the answer is so prejudicial to him that it should be stricken. Therefore, the Court will deny the motion to strike. (D.I. 23).

                                                              /s/ *signature*
                                                           UNITED STATES DISTRICT JUDGE